CORBY *v.* WAYNE CIRCUIT JUDGE.

APPEAL AND ERROR—BILL OF EXCEPTIONS—MANDAMUS.

In mandamus proceedings to require the circuit judge to sign a bill of exceptions proposed by the relator, which respondent claimed contained matters that appellant was not entitled to insert, the court will not enter an order compelling respondent to sign any particular bill of exceptions where his return set up that he was willing to settle and sign a proper bill.

Mandamus by Thomas W. Corby against Henry A. Mandell, one of the circuit judges for the county of Wayne, to compel respondent to settle a bill of exceptions proposed by relator. Submitted April 19, 1915. (Calendar No. 26,590.) Writ denied June 7, 1915.

*Moore. & Moore,* for relator.
*William Van Dyke,* for respondent.

PER CURIAM. This application for mandamus arises out of the case of *Corby* v. *City of Detroit,* 180 Mich. 208 (146 N. W. 670), brought to recover back taxes paid under protest, which was reversed by this court and remanded, with instructions to enter judgment for plaintiff on a basis outlined in the opinion filed. That course was pursued under authority cited by plaintiff, instead of granting a new trial in general terms, as is the customary course, on the theory that no further contentions could arise, inasmuch as all parties in the court below had requested a directed verdict claiming no issues of fact arose for a jury, and the case involved only questions of law for the court.

In reversing and remanding the case this court did not order entry of judgment in the circuit court for any definitely stated amount, but did hold and direct that a judgment should be entered for plaintiff to be ascertained and computed as indicated. In that proceeding counsel were entitled to be heard. Within the limits and to the extent of computing and determining the exact amount of the judgment, the court properly treated the case as retried upon the record, as alleged by relator, and not denied, and as indicated by an order of the court extending the time in which to settle a bill of exceptions. Counsel disagreed as to the proper amount. After a hearing the court sustained defendant's contention in the

matter, and rendered judgment in favor of plaintiff for $422.82.

Claiming that under the ruling of this court the judgment was not properly computed, and is not the amount to which he is entitled, and desiring to settle a bill of exceptions to review the question in this court, plaintiff represents in this petition, amongst other things and as a chief ground of complaint, that upon the original trial of the case counsel for defendant conceded that the amount of charges and interest transferred from the special assessment roll to the *ad valorem* roll was correct, for which reason the facts upon which it is based were omitted from the original bill of exceptions, but upon the second trial or hearing, to ascertain the exact amount of the judgment which should be rendered, changed position, and contended that it was incorrect, insisting a much larger amount should be computed, to meet which plaintiff claimed the right at such hearing to show from the record that the amount previously admitted by defendant's counsel was correct; that the court disregarded this, and later declined to sign a bill of exceptions setting out the facts as asked by plaintiff's counsel, being of the opinion that he was not authorized so to do, for which reason a writ of mandamus is prayed "requiring respondent to settle a bill of exceptions in this cause as asked for by relator."

In answer to the usual preliminary order to show cause, respondent returns and shows that he entered said judgment as alleged on June 16, 1914, and by successive orders has since extended the time in which to settle a bill of exceptions, that he has made no order refusing to settle and sign a bill "that counsel did make various statements offering to introduce various records in order to have them incorporated in a bill of exceptions, but as to whether such

matters and things are correctly set forth respondent has no information upon which to affirm or deny, and, as he deems such matters extraneous to the record, * * * " repeats that he did not believe that he is authorized to sign a bill of exceptions setting out the facts asked by plaintiff's counsel, but that he will sign a bill of exceptions embodying all the facts and proceedings upon which the judgment is based, and that he is "ready at all times to sign a bill of exceptions properly made up, incorporating such matters as respondent could truthfully certify as occurring upon the trial and proceedings, upon which the judgment was based."

From this it must necessarily be assumed that respondent intends to, and will, certify to any offers or proposals of records in the case actually presented or "occurring upon the trial and proceedings," though rejected and passed upon adversely in rendering the judgment, in order that this court may understandingly consider all questions then raised; and in the light of this return we discover no ground for dictating in what particular form said bill of exceptions shall be settled and signed.

Denied.